**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**WILLIAM H. DURHAM, M.D.**                                            **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.: 2:20-cv-112-KS-MTP**

**ANKURA CONSULTING GROUP, LLC and
JOHN DOES 1-5**                                            **DEFENDANTS**

## <u>ORDER</u>

This cause comes before the Court on Ankura Consulting Group, LLC's Motion Requesting that Exhibits be Filed under Restricted View or for Continued Protection [274] and its Supplemental Motion Requesting that Exhibits be Filed under Restricted View or for Continued Protection [318]. These motions are fully briefed and ripe for ruling.

## I. BACKGROUND

Throughout this litigation, Dr. Durham and Ankura have relied upon various Confidential and/or Highly Confidential documents in support of their respective motions and responses.[1]   In an effort to "address the confusion surrounding the filing of said motions/exhibits," this Court entered its Order Setting Briefing Schedule, wherein it required, among other things, that the parties file "motions requesting that exhibits be filed under restricted view or for continued protection[.]" [217].  Ankura timely moved and requested that specific exhibits filed in support of certain motions and responses maintain continued protection. In some instances, Ankura has requested that portions of a document be redacted rather than the whole document being sealed.

---

[1] Such documents have been marked either Confidential and/or Highly Confidential in accordance with this Court's Protective Order [37].

The Court held a hearing on Ankura's original Motion on January 19, 2023, at which time the Court issued its rulings on each of the documents at issue, which will be memorialized herein. Also, at the conclusion of the hearing, the Court and parties discussed additional exhibits that had been attached to Plaintiff's then recently filed Motion to Alter or Amend Orders [308], some of which Ankura desired to have continued protection under Local Uniform Civil Rule 79. As such, the Supplemental Motion addresses these additional exhibits. Having considered the submissions of the parties and the applicable law, the Court finds that Ankura's Motion [274] and Supplemental Motion [318] should be granted in part and denied in part for the reasons set forth below.

## II. DISCUSSION

### A. Legal Standard

 "Courts have recognized that the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of public access serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Id*. at 849. The right of public access, however, is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Thus, courts must balance the public's right to access against the factors favoring secrecy. *Van Waeyenberghe*, 990 F.2d at 848.

Pursuant to Local Rule 79, "[e]xcept as otherwise provided by statute, rule, . . . or order, all pleadings and other materials filed with the court ('court records') become a part of the public record of the court[, and] [a]ny order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored

to serve those reasons." L.U. Civ. R. 79 (a)-(b). The party seeking to seal court documents bears the burden of establishing that the public's right to access is overcome by the need for secrecy.

### B.  Analysis

The Court finds compelling reasons exist to maintain continued protection as to some of the documents Ankura seeks to protect (either in whole or in redacted form). Where the Court finds that a redaction of the sensitive provisions of a document is appropriate under the circumstances presented here, the remainder of the document must be filed of record.[2] In addition, the Court understands that there are duplicates in the record of some of the exhibits at issue because they were filed in support of or in response to various motions. Therefore, any ruling that grants protection to a particular Bates range shall apply to that Bates range regardless of where it appears in the record, and the parties shall use their utmost diligence to insure that all copies in the record reflect the Court's rulings.

### I.    Exhibits to Dr. Durham's Motion for Partial Summary Judgment [210][3]

- Exhibit 1 – Excerpt of Ankura's Contract with Celotex Corp. (ACG-ID-0000686)

  A previously redacted version of this entire document was filed in accordance with a prior Court Order. *See* [78-1]. However, before the Court is now simply the first page of a contract between Ankura and one of the Trusts. As to this first page, the Court finds that Ankura has failed to meet the Rule 79 standard as to the three paragraphs

---

[2]  In addition to the documents at issue in these Motions, there were 277 other documents that had, in an abundance of caution, either been filed with restricted view or filed with placeholders, with originals submitted only to the Court. The list of these documents is attached hereto as Exhibit A. As to these documents, for which Ankura seeks no protection or redaction, it is ORDERED that these documents shall be filed in the public record in their entirety in accordance with the procedure set forth at the end of this Order.

[3] The exhibits were actually attached to Doc. No. [211].

previously redacted on Page 1, and for the reasons stated on the record, the document shall be refiled in its entirety with no redactions.[4]

- <u>Exhibit 3</u> – <u>Excerpt of Deposition Testimony of John Brophy</u>

  The parties have agreed to redact only the words reflecting a specific purchase price located on Page 20 line 6 of the deposition. The Court agrees that this item is sensitive business information and that, in accordance with Rule 79, the last number and word on Line 6 should be redacted. Therefore, and also for the reasons stated on the record, the excerpt shall be refiled with only this one redaction.[5]

- <u>Exhibit 4</u> – <u>Spreadsheet regarding Ankura's Income from Trusts (ACG-ID-0016429)</u>

  The Court finds that this document contains business sensitive information that would harm Ankura's competitive standing should it be filed into the public domain. Such business sensitive information includes Ankura's income from various trusts, and could be used by a competitor to Ankura's disadvantage if not restricted from public access. The Court finds such restriction is supported by compelling reasons and is narrowly tailored to serve those reasons and will (a) allow the litigants to freely access the document; (b) protect Ankura's confidential information therein; and (c) still allow the public to see the general nature of the action without jeopardizing Ankura's competitive business interests. Therefore, and also for the reasons stated on the record, the entire one-page document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

---

[4] This ruling shall also apply to Exhibit 4 to Doc. No. [308], which contains the first page of several contracts that Ankura had with the Trusts: ACG-ID-0000674, 0000129, 0000686, 0000700, 0000714, 0000728, 0000742, 0000756, 0000770.

[5] These words shall also be redacted from the transcript of the hearing should such transcript be filed in the record. Additionally, this same redaction applies to Exhibit 3 to Doc. No. [308].

- <u>Exhibit 5 </u>– <u>Excerpt of Deposition Testimony of Lori Tansley</u>

  Similar to the deposition excerpt of Mr. Brophy, the Court finds that Ms. Tansley's testimony regarding Ankura's income information is sensitive business information that could be used by a competitor to Ankura's disadvantage if not redacted as agreed to by the parties. Therefore, and also for the reasons stated on the record, the excerpt shall be refiled with only the dollar amounts located on the following pages redacted: Page 225, line 23; Page 225, Line 25;  Page 226, Line 9; and Page 226, Line 11.

- <u>Exhibit 21 </u>– <u>Email Correspondence (ACG-ID-0019452)</u>

  The Court finds that this document contains personal medical information of Mr. Gary Wingo that is inherently confidential and irrelevant to the issues in this case and the limitations on access are supported by compelling reasons narrowly tailored to serve those reasons. Therefore, and for the reasons stated on the record, the document shall be refiled with any reference to a medical procedure contained therein redacted.

- <u>Exhibit 22 </u>– <u>Email Correspondence (ACG-ID-0020160 - 20163)</u>

  The Court finds that this document should be restricted from public view for the reason that it implicates other individuals; it names and identifies doctors and individual claimants and other audits; it does not involve the audit of Dr. Durham; and it contains business-sensitive information that could harm Ankura in a competitive way should it be filed in the public domain. Therefore, and also for the reasons stated on the record, this entire four-page document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

II.    **Exhibits to Dr. Durham's Response to Ankura's Motion to Exclude the Expert Testimony and Opinions of Ralph Summerford [230][6]**

- Part of Exhibit 2 – Email Correspondence (ACG-ID-0005741-5742)

  The Court finds that this document contains the names/identities of law firms that, while not wholly irrelevant, indicate audit findings as they relate to those law firms. Audit results as they relate to law firms that are strangers to this litigation implicate privacy interests of those law firms which present compelling reasons to overcome the presumption of public access, and the limitation shall be narrowly tailored to serve those reasons. Therefore, and also for the reasons stated on the record, the document shall be refiled with only the law firm names, other than Smith Clinesmith, LLP, redacted wherever such names appear on the document in addition to the already redacted claimants' names.

- Part of Exhibit 2 – Email Correspondence (ACG-ID-0009209)

  Similar to the last document, the Court finds that this document contains the names/identities of law firms and companies that at the time had holds on their claims as part of the audit process. These law firms and companies that are strangers to this litigation have privacy interests that must be protected, which present compelling reasons to overcome the presumption of public access, and the limitations shall be narrowly tailored to serve those reasons. Therefore, and also for the reasons stated on the record, the document shall be refiled with only the law firm names, other than Smith Clinesmith, LLP, redacted wherever such names appear on the document.

---

[6] This Response was refiled at Doc. No. [290].

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0003514)</u>

  The Court finds that this document contains the same information that was included on ACG-ID-0005741-5742. Therefore, for the reasons previously stated, this document shall be redacted in the same manner and refiled.

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0004167-4170)</u>

  The Court finds that Rule 79 has been met with regard to this document because it appears Dr. Durham may attempt to use this document as a vehicle for an improper purpose, namely the filing of a bar complaint against one of the attorneys in the email string. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Alter Trading Corp. v. Shemper*, 2018 WL 10418730, at *1 (S.D. Miss. 2018) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Therefore, for the reasons stated on the record, the entire four-page document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0012702)</u>

  The Court finds that this document contains irrelevant information that is related to an audit of another company, and does not touch and concern Dr. Durham or the audits of Dr. Durham in any way. Therefore, for the reasons stated on the record, this entire one-page document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0005462 through 0005463)</u>

  The Court finds that this document contains the name/identity of a law firm that is irrelevant to the issues in this case. Audit information as it relates to law firms that are

strangers to this litigation implicates privacy interests of those law firms which present compelling reasons to overcome the presumption of public access, and the limitation will be narrowly tailored to serve those reasons. Therefore, and for the reasons stated on the record, the document shall be refiled with name of the law firm that appears twice in the July 27, 2018 email from Gary Wingo redacted.

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0003872 through 0003875)</u>
  The Court finds that this document contains the name/identity of a law firm related to other audits not relevant to the issues in this case. Audit information as it relates to law firms that are strangers to this litigation implicates privacy interests of those law firms which present compelling reasons to overcome the presumption of public access, and the limitation with be narrowly tailored to serve those reasons. Therefore, and for the reasons stated on the record, this document shall be refiled with the name of the law firm redacted from the first and fourth pages.

- <u>Part of Exhibit 2</u> – <u>Audit Committee Agenda – August 30, 2017 (ACG-ID-0009243)</u>[7]
  The Court finds that this document contains both the name/identities of doctors and law firms related to other audits – neither of which touch and concern Dr. Durham or the audits of Dr. Durham in any way. Audit information as it relates to doctors or law firms that are strangers to this litigation implicates privacy interests of those law firms and companies which present compelling reasons to overcome the presumption of public access, and the limitation shall be narrowly tailored to serve those reasons. Therefore, and for the reasons stated on the record, this one-page document shall be refiled with Paragraphs 1, 3, 4, 5, and 6 completely redacted.

---

[7] ACG-ID-0009244 will not be part of what is refiled.

- <u>Part of Exhibit 2</u> – <u>Audit Committee To-Do Summary (ACG-ID-0011986—11987)</u>

  The Court finds the document not only contains references to Dr. Durham but also both the name/identities of doctors and law firms related to other audits – neither of which touch and concern Dr. Durham or the audits of Dr. Durham in any way. Audit information as it relates to doctors or law firms that are strangers to this litigation implicates privacy interests of those law firms and companies which present compelling reasons to overcome the presumption of public access, and the limitation shall be narrowly tailored to serve those reasons. Additionally, this document also contains business sensitive information that would harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not restricted. Redacting portions of this document is supported by compelling reasons.  Therefore, and for the reasons stated on the record, the document shall be refiled and the two proper nouns in the first sentence on Page 11986 shall be redacted, as well as, under the heading "THIS WEEK'S TO DO SUMMARY," all paragraphs, except the two lines following "<u>Dr. Durham:</u>" shall be redacted.

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0005488 through 0005498)</u>

  The Court finds that portions of this document containing personal and private, confidential information, such as addresses and telephone numbers, should be redacted. This document contains personal information of Dr. Michael Leviton (his cell phone number and address) that is inherently confidential and irrelevant to the issues in this case. Therefore, when the document is refiled Dr. Leviton's address and cell phone number shall be redacted from pages 5488, 5493, 5494, 5496, and 5497.

- <u>Part of Exhibit 2</u> – <u>Email Correspondence (ACG-ID-0012524)</u>

  The Court finds that this document contains the name/identity of a lawyer/law firm not relevant to the issues in this case. Audit information as it relates to lawyers/law firms that are strangers to this litigation implicates privacy interests of those lawyers/law firms which present compelling reasons to overcome the presumption of public access. Therefore, and for the reasons stated on the record, the document shall be refiled with the name of the law firm/attorney in the June 25, 2018 email redacted.

- <u>Part of Exhibit 4</u> – <u>Email Correspondence (ACG-ID-0019979)</u>

  The Court finds this document contains both the name/identities of law firms related to other audits and, specifically, implicates other individuals not involved in the audits of Dr. Durham. Audit information as it relates to law firms that are strangers to this litigation implicates privacy interests of those law firms which present compelling reasons to overcome the presumption of public access. Additionally, this document also contains business sensitive information that would harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not restricted. Allowing public viewing in the Clerk's office as contemplated by Local Rule Civ. P. 79(3)(B)(3) would not alleviate the public disclosure of audit information related to non-parties or competitive harm that would result to Ankura should this document be made available for public inspection. Therefore, and for the reasons stated on the record, the entire one-page document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Exhibit 6</u> – <u>Email Correspondence (ACG-ID-0012669)</u>

  The Court finds this document contains both the name/identities of various law firms and companies related to other audits – none of which touch and concern Dr. Durham or the audits of Dr. Durham in any way. Audit information as it relates to law firms or companies that are strangers to this litigation implicates privacy interests of those law firms and companies which present compelling reasons to overcome the presumption of public access. Therefore, and for the reasons stated on the record, the entire one-page document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Part of Exhibit 7</u> – <u>Chart (ACG-ID-0012180)</u>

  The Court finds that the request to prevent public access to the document will be denied. It is simply a bubble chart, and without more, it is a benign document that does not provide any information that could invoke a privacy interest.

III. **<u>Exhibits to Dr. Durham's Response to Ankura's Motion for Summary Judgment [236]</u>**[8]

- <u>Part of Exhibit 6</u>  - <u>Email Correspondence (ACG-ID-0019344-19345)</u>

  The Court finds this this two-page document contains the name of an asbestos claimant, whose identity is of no concern to Dr. Durham or the audits of Dr. Durham in any way. Identifying claimants who are strangers to this litigation implicates privacy interests of those individuals and presents a compelling reason to overcome the presumption of public access. Therefore, and for the reasons stated on the record, when the document

---

[8] The exhibits were attached to Doc. No. 237, which has been refiled at Doc. No. [293].

is refiled, the claimant's name that appears five times on the first page of the document shall be redacted, as well as the three times it appears on the second page.

- <u>Part of Exhibit 9</u> – <u>Email Correspondence (ACG-ID-0005747)</u>

  The Court finds that this document contains the same information that was included on ACG-ID-0005741-5742. Therefore, for the reasons previously stated, this document shall be redacted in the same manner and refiled.

- <u>Part of Exhibit 9</u> - <u>Email Correspondence (ACG-ID-0008829)</u>

  The Court finds that this document contains the name of a doctor (whose last name begins with "S"), who is irrelevant to the issues in this case and such mention in the public record would implicate privacy interests of that doctor, which presents a compelling reason to overcome the presumption of public access, and the limitation will be narrowly tailored to serve that reason.[9] Therefore, and for the reasons stated on the record, the document shall be refiled with the name of said doctor redacted both times it appears on the page.

- <u>Part of Exhibit 9</u> – <u>May 9, 2016 Document regarding various audit findings (ACG-ID-0010929)</u>

  The Court finds that this document contains both the name of a doctor (whose last name begins with "L") and information relating to an audit, all of which is irrelevant to the issues in this case. The mention of his name and audit information relating to such doctor, who is a stranger to this litigation, implicates his privacy interests, which presents a compelling reason to overcome the presumption of public access, and the

---

[9] While Ankura has sought to redact a non-party doctor's name from this document, it has not sought to redact the names of two other non-party doctors that appear in the document. According to Ankura, that is because the other two non-party doctors filed a legal action, making their audits public after the Trusts ceased accepting their reports. This supports that the redactions are narrowly tailored to serve the compelling reasons for redaction.

limitations are narrowly tailored to serve that reason. Therefore, and for the reasons stated on the record, the document shall be refiled with the name of said doctor redacted in the first line of the document, as well as the line stating his name and "(Diagnosing Physician") and the two full paragraphs that follow.

- <u>Part of Exhibit 9</u> – <u>Email Correspondence (ACG-ID-0011510)</u>

  The Court finds that this one-page document with various emails contains both the name of a doctor (whose last name begins with "G") and information relating to an audit, all of which is irrelevant to the issues in this case. The mention of his name and audit information relating to such doctor, who is a stranger to this litigation, implicates his privacy interests, which presents a compelling reason to overcome the presumption of public access, and the limitations are narrowly tailored to serve that reason. Therefore, and for the reasons stated on the record, the document shall be refiled with the doctor's name in the subject line of each email on the page redacted, as well as all substantive paragraphs except for the paragraph that begins "I have attached" and ends with "what Mary Ellen sent."

- <u>Part of Exhibit 9</u> – <u>Audit Committee Meeting Agenda November 28, 2018 (ACG-ID-0012236)</u>

  The Court finds that this document contains business sensitive information unrelated to the audit of Dr. Durham that would harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not restricted in some way. Additionally, this information does not touch and concern the audits of Dr. Durham, and post-dates the Trusts' decision to no longer accept his reports. Therefore, and for the reasons stated on the record, the

document shall be filed in the record with the entirety of the document redacted except for the heading and the first bullet point under Paragraph 3.

- Part of Exhibit 9 – Email Correspondence (ACG-ID-0016021)

  The Court finds that this document contains both the name/identity of a doctor who is irrelevant to the issues in this case. Audit information as it relates to doctors that are strangers to this litigation implicates privacy interests of those doctors which presents compelling reasons to overcome the presumption of public access, and the redactions are narrowly tailored to serve those reasons. The document also contains business sensitive information that would harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not restricted.  Therefore, and for the reasons stated on the record, the document shall be filed in the record with the second, third, and fourth paragraphs redacted.

- Part of Exhibit 9 – Table regarding Error Rates (ACG-ID-0018895)

  The Court finds that this document contains both the name/identities of various doctors related to other audits and, specifically, implicates other individuals not involved in the audits of Dr. Durham. Audit information as it relates to doctors that are strangers to this litigation implicates privacy interests of those doctors, which presents a compelling reason to overcome the presumption of public access, and the limitations are narrowly tailored to serve those reasons. Therefore, and for the reasons stated on the record, the document shall be refiled with the entirety of it redacted except for the row in the chart beginning with "X-ray Reading Physician"; the entire row relating to Dr. Durham; and the names of Dr. Klepper and Dr. Breyer.

- <u>Part of Exhibit 9 – Audit Committee CC Agenda January 15, 2020 (ACG-ID-0019963)</u>

  The Court finds that this document implicates privacy interest of individuals not involved in the audits of Dr. Durham and contains sensitive business information that could harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not sealed. Therefore, and for the reasons stated on the record, this entire document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Part of Exhibit 9 – Email Correspondence (ACG-ID-0020365)</u>

  The Court finds that this document is an e-mail about the inner workings and decision-making processes of the Audit Committee, and thus, contains sensitive business information regarding deliberations related to procedures that post-date the Trusts decision to no longer accept reports from Dr. Durham. This presents compelling reasons to support restricting the document. Therefore, and for the reasons stated on the record, this entire document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Part of Exhibit 9 – Email Correspondence (ACG-ID-0012034-0012035)</u>

  The Court finds that this document contains the names/identities of law firms and companies that, while not wholly irrelevant, indicate audit findings as they relate to those law firms. Audit results as they relate to law firms and companies that are strangers to this litigation implicate privacy interests of those law firms and companies which presents a compelling reason to overcome the presumption of public access, and the restrictions will be narrowly tailored to serve that reason. Therefore, and for the reasons stated on the record, the document shall be refiled with the same consistent

redaction of the law firm names on the chart contained on ACG-ID-0012035, as well as the two times that law firms' names are mentioned in the paragraph above the chart. Additionally, on ACG-ID-0012034, there are five instances where either a law firm or company name is mentioned, and those names shall be redacted as well.

IV.  **Exhibits to Dr. Durham's Response to Ankura's Motion for Sanctions [232]**

- Part of Exhibit 3 – Summary of Medical Error Rates– (ACG-ID-0018889)

The Court finds that this document, for the most part, contains the results of audits which do not involve Dr. Durham. This document also contains internal deliberations surrounding error rates being considered for adoption. This document contains business sensitive information that would harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not restricted. This is a compelling reason supporting restriction. However, the first two paragraphs contain benign facts that deal with recommendations regarding error rates. Therefore, and for the reasons stated on the record, the document shall be refiled with everything on the page redacted except for the first two paragraphs under the title of the document.

V.  **Exhibits to Dr. Durham's Reply in Support of his Motion for Partial Summary Judgment [247]**

- Part of Exhibit 1 – Excerpt of draft document – (ACG-ID-0010829)

The Court finds that this document that contains a draft of notes from an audit committee meeting also contains both the name/identities of various individuals and law firms related to other audits – none of which touch and concern Dr. Durham or the audits of Dr. Durham in any way. Audit information as it relates to law firms or individuals that are strangers to this litigation implicates privacy interests of those law

firms or individuals which presents a compelling reason to overcome the presumption of public access, and the restrictions will be narrowly tailored to serve that reason. Additionally, this document also contains business sensitive information that would harm Ankura's competitive standing should it be filed into the public domain, and could be used by a competitor to Ankura's disadvantage if not restricted. Therefore, and for the reasons stated on the record, the document shall be filed in the record with Paragraphs IIB through IIIC, as well as the inserted comment on the right side of the page, redacted.

- Part of Exhibit 1 – Email Correspondence (ACG-ID-0011094)

The Court finds that this document contains the name of a doctor, the mention of which could implicate privacy interests of that doctor. Therefore, and for the reasons stated on the record, the document shall be filed in the record with the name of the doctor beginning with the letter "S" in the 3/21/18 email redacted.

- Part of Exhibit 1 – Email Correspondence (ACG-ID-0014201)

The Court finds that this document, as the Court has previously ruled, contains the names of certain physicians, whose privacy rights could be implicated should this document be placed in the public record. Therefore, and for the reasons stated on the record, the document shall be filed in the record with the names of all physicians in the top bullet point redacted except for the names Breyer, Durham, and Klepper.

- Part of Exhibit 1 – Summary document regarding medical error rates – (ACG-ID-0018889-0018890)

The Court has already ruled on (ACG-ID-0018889), but this particular exhibit has a second page attached which contains only four lines. For the reasons stated on the

record, the Court finds that this document shall be filed in the record with the redactions as ordered made to the first page and the entirety of the second page redacted.

- <u>Part of Exhibit 3</u> – <u>Email Correspondence (ACG-ID-0006167)</u>

  The Court finds that this document contains the name of a law firm that has previously been redacted, but also this document contains emails between the trusts' counsel and discusses the inner workings of the Audit Committee, which contains sensitive business information. Therefore, and for the reasons stated on the record, this entire document shall remain under restricted view, with CM/ECF access permitted only to counsel of record for the parties in this matter and the Court.

- <u>Exhibit 8</u> – <u>Excerpt of Deposition Testimony of John Brophy</u>

  The Court finds that this document contains inherently personal and confidential information of Mr. John Brophy that is irrelevant to the issues in this case, and includes Mr. Brophy's compensation by Ankura over the course of various years. This presents a compelling reason supporting redaction, and the redactions are narrowly tailored to serve this reason.  Therefore, and for the reasons stated on the record, the document shall be filed in the record with Line 1 and Line 18 on Page 23 redacted.

- <u>Exhibit 9</u> – <u>Excerpt of Deposition Testimony of Andras Molnar</u>

  The Court finds that this document contains inherently personal and confidential information of Mr. Andras Molnar that is irrelevant to the issues in this case, and includes Mr. Molnar's compensation by Ankura over the course of various years. This presents a compelling reason supporting redaction, and the redactions are narrowly tailored to serve this reason.  Therefore, and for the reasons stated on the record, the document shall be filed in the record with Lines 16-18, 21-22, and 24-25 on Page 30 redacted, as well as Lines 2-3 on Page 31.

## VI.   **Exhibits to Dr. Durham's Response to Ankura's Motion to Exclude Expert Testimony and Opinions of Dr. Kenneth Krone [238]**

- Part of Exhibit 10 – Email Correspondence (ACG-ID-00011843)

The Court finds that this document contains the same email found in ACG-ID-00011094, for which the Court has already ruled. Therefore, and for the same reasons stated on the record, this document shall be refiled with the same redaction.[10]

- Part of Exhibit 10 – Table regarding radiologists (ACG-ID-0020377)

Similar to the Court's ruling on ACG-ID-0018895, the Court finds that, for the reasons stated on the record, this document contains information that must be redacted. Therefore, the entirety of the document shall be redacted except for the names Klepper, Breyer, and Durham, along with the entire row of percentages relating to Dr. Durham.

## VII.   **Exhibits to Dr. Durham's Motion to Alter or Amend Orders [308][11]**

- Exhibit 5 – Executive Session Minutes of Various Asbestos Trusts (ACG-ID 20598-601, 0020605-607, 0020602-604, 0020596-597)

Ankura contends that this exhibit should remain under restricted view and be sealed from public access only because these are executive session meeting minutes of various Trusts, which although such minutes may contain some reference to Dr. Durham, the minutes also contain significant other information related to the Trusts, including investment reports, processing facility reports, foreign claims reports, information on audits unrelated to Dr. Durham, legal reports from counsel, legislative matters and other strictly administrative matters. The Court finds that these documents contain a lion's share of Trust-sensitive information wholly unrelated to the audit of Dr. Durham.

---

[10] ACG-ID-00011844 also appears as part of this particular exhibit, but there has been no request for any redactions or restrictions on the second page; therefore, it shall be refiled without any redaction.

[11] Ankura objected only to Exhibits 3, 4, 5, and 7 to [308]. Exhibits 3 and 4 have been addressed previously in this Order.

Plaintiff is free to use the document in this litigation to make the arguments he contends are relevant regardless of any restriction in the record. Therefore, the Court orders that this exhibit should be filed under restricted view/given continuous protection and be sealed from public access only, with CM/ECF access permitted by counsel of record for the parties in this matter.

- Exhibit 7 – Excerpts of Deposition of Marla Eskin, Esquire

Ankura contends that this document should be filed under restricted view/given continuous protection and be sealed from public access because Dr. Durham is attempting to use this process as a vehicle for an improper purpose which is prohibited. *See Alter Trading Corp., supra.* The Court is aware that previously in this Order, it indeed restricted an email from Ms. Eskin that had the potential to be used for an improper purpose. However, that is not the case here. She was not asked about such email during this excerpt of the deposition. Rather she is answering questions on an unrelated topic that appears benign and not subject to protection. Therefore, as to Exhibit 7 to [308], Ankura's request is denied, and the document will be filed in its entirety with unrestricted access.

## VIII. Exhibit to Ankura's Response to Plaintiff's Motion to Alter or Amend Orders [312]

- Exhibit A – Excerpts of Marla Eskin Deposition

This document contains two pages, one of which (p. 275) was included in the previous excerpt from Ms. Eskin's deposition [308-7] ruled on by the Court. A second page (p. 276) has been added in Ankura's exhibit for clarification.  However, there is additional testimony on Page 276 unrelated to the prior line of questioning, to which Plaintiff has no objection to be redacted.  The Court finds that this additional testimony addresses

the information covered in the previous email that the Court has already found could be used for an improper purpose. Therefore, this document shall be filed into the record with Lines 3-12 on Page 276 redacted.

IT IS, THEREFORE, ORDERED that Ankura Consulting Group, LLC's Motion Requesting that Exhibits be Filed under Restricted View or for Continued Protection [274] and Supplemental Motion [318] is GRANTED in part and DENIED in part as set forth herein.

IT IS FURTHER ORDERED that the parties and the Clerk of Court are directed to adhere to the following procedure in correcting the record in accordance with this Order:

1) Exhibits 7, 9, 10, and 11 to Doc. No. [202] shall be filed in their entirety with no restrictions. This shall be accomplished by filing a Notice of Filing with these exhibits attached with a description containing the corresponding exhibit number above and a description of the document. This Notice shall be linked to [202].

2) Exhibits C, D, and E to Doc. No. [208] shall be filed in their entirety with no restrictions. This shall be accomplished by filing a Notice of Filing with these exhibits attached with a description containing the corresponding exhibit number above and a description of the document. This Notice shall be linked to [208].

3) Exhibits 1, 2, and 6-20 to Doc. No. [211] shall be filed in their entirety with no restrictions. Exhibit 3, 5, and 21 shall be redacted in accordance with this Order. Exhibit 4 and 22 shall also be attached with no redactions, but these will be filed under restricted view. This shall be accomplished by filing a Notice of Filing with all exhibits attached with a description containing the corresponding exhibit number and a description of the document. This Notice shall be linked to [211]. **NOTE: The filing party must call the Clerk of Court immediately after filing, so that Exhibits 4 and 22 can be placed timely under restriction.**

4) Exhibits 1, 3, 5, and 7 originally attached to Doc. No. [230] shall be filed in their entirety with no restrictions. Exhibit 2 shall also be attached with certain pages redacted in accordance with this Order but without ACG-ID-004167-4170 and ACG-ID-0012702 that will be filed under restricted view. Exhibit 4 shall be filed in its entirety as well, but without ACG-ID-0019979 that will be filed under restricted view. Exhibit 6 shall be filed in its entirety but will be under restricted view. This shall be accomplished by attaching all complete exhibits and those with redactions with a description containing the corresponding exhibit number and description of the document. Those pages from Exhibits 2 and 4 that will be restricted shall be attached separately (the system will give them a separate exhibit number) and the filing party shall provide a description such as: Part of Exhibit 2 with a brief description such as "email" or "meeting minutes." For illustration, it should be filed in this order:

Ex 1  Exhibit 1 (give description)

Ex 2  Exhibit 2 (with redactions but not restricted pages) (give description)

Ex 3  "Part of Exhibit 2" (with just restricted pages) (give description)

Ex 4  Exhibit 3 (give description)

Ex 5  Exhibit 4 (but without restricted pages)  (give description)

Ex 6  "Part of Exhibit 4" with just restricted pages  (give description)

Ex 7  Exhibit 5 (give description)

Ex 8  Exhibit 6 (give description) (to be restricted)

Ex 9  Exhibit 7 (give description)

This Notice of Filing should be linked to the refiled version of [230] located at Doc. No. [290].

**NOTE: The filing party must call the Clerk of Court immediately after filing and advise that the system Exhibit number 3, 6, and 8 should be placed immediately under restriction.**

5)  Exhibit 3 to Doc. No. [232] shall be filed with the redactions on one page in accordance with this Order. This shall be accomplished by filing a Notice of Filing with Exhibit 3 attached with a description containing the corresponding exhibit number ("Exhibit 3") and a description of the document. This Notice shall be linked to [232].

6)  Exhibits 1-5, 7, 8, and 10-15 to Doc. No. [237] shall each be filed as separate exhibits in their entirety. Exhibit 6 shall be filed with one page redacted in accordance with this Order. Exhibit 9 shall be filed with redactions on certain pages in accordance with this Order but without ACG-ID-0019963 and ACG-ID-0020365, which will be filed as a separate partial exhibit to be placed under restricted view. This shall be accomplished by the procedure set forth in Paragraph 4 above. This Notice of Filing should be linked to Doc. No. [293]. **NOTE: The filing party must call the Clerk of Court immediately after filing and advise that the system Exhibit number for the two pages of Exhibit 9 should be placed immediately under restriction.**

7)  Exhibits 1-9 to Doc. No. [238] shall be filed in their entirety. Exhibit 10 shall be filed with redactions in accordance with this Order. This shall be accomplished by filing a Notice of Filing with all exhibits attached with a description containing the corresponding exhibit number and a description of the document. This Notice shall be linked to [238].

8) Exhibits 1, 4-7, and 10-20 to Doc. No. [247] shall each be filed as separate exhibits in their entirety. Exhibits 2, 8, and 9 shall be filed with redactions in accordance with this Order. Exhibit 3 shall be filed in its entirety but without ACG-ID0006167, which will be filed as a separate exhibit under restricted view. This shall be accomplished by the procedure set forth in Paragraph 4 above. **NOTE: The filing party must call the Clerk of Court immediately after filing and advise that the system Exhibit number for the one page of Exhibit 3 should be placed immediately under restriction.**

9)  Exhibits 1, 2, 4, 6, 7, and 8 to Doc. No. [308] shall be refiled in their entirety. Exhibit 3 shall be filed with redactions in accordance with this Order. Exhibit 5 will be filed in its entirety but will be filed under restricted view. This shall be accomplished by filing a Notice of Filing with all exhibits attached with a description containing the corresponding exhibit number and a description of the document. This Notice shall be linked to [308]. **NOTE: The filing party must call the Clerk of Court immediately after filing, so that Exhibit 5 can be placed timely under restriction.[12]**

IT IS FURTHER ORDERED that should either party wish to file into the record the transcript of the hearing on the instant motion [274], the parties must first confer to redact said transcript in accordance with the rulings contained in this Order.

SO ORDERED this 22nd day of May 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[12] Should either party have questions regarding how to file in accordance with this Order, they are directed to call the Clerk of Court.